UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GEORGE WEGERS, et al.,<br><br>　　　　　　Defendants. | CASE NO. CR05-231C<br><br>ORDER |

　　　　This matter comes before the Court on Defendant James Austin Pennell's Motion for Inspection of Personnel Files of Law Enforcement Officers (Dkt. No. 410). Defendants Granmo and Anderson join in the motion. (*See* Dkt. Nos. 476, 479.) Having considered the papers submitted by all parties and finding oral argument unnecessary, the Court DENIES Defendant's motion.

　　　　By this motion, Defendant seeks an order requiring the government "to certify that it has reviewed the pertinent personnel files of any law enforcement witnesses it intends to call" at trial. (Def.'s Mot. 1.) Defendant further requests that the government be required to turn over all "evidence of personal dishonesty" found within those files no later than twenty-one days before trial. (*Id.*) The government concedes that it is required to ensure that the personnel files of federal law-enforcement personnel it intends to call as witnesses have been reviewed, and that it must produce to defendants all evidence that is exculpatory or that may be used to impeach those witnesses. (*See* Pl.'s Opp'n 1–2.)

ORDER – 1

"Under *Brady v. Maryland*, [373 U.S. 83 (1963)], the government has the obligation upon request to disclose to a criminal defendant material favorable evidence in the government's possession, including information about government witnesses that could be used to impeach them." *United States v. Herring*, 83 F.3d 1120, 1121 (9th Cir. 1996). "This right, protected by the Due Process Clause of the Fifth and Fourteenth Amendments, requires the government to turn over any information about its witnesses that could cast doubt upon their credibility." *United States v. Jennings*, 960 F.2d 1488, 1490 (9th Cir. 1992). In the Ninth Circuit, the government's duties under *Brady* include reviewing the personnel files of law-enforcement officials that the government intends to call at trial, even without an initial showing of materiality by the defendant. *See United States v. Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991). When the government's review of those files leaves it in doubt as to the need for disclosure, it must submit the files to the district court for *in camera* review. *Id.*

There are, however, limitations on the government's duties under *Brady* and *Henthorn*. First, the United States Attorney need not personally review the relevant personnel files. Rather, the courts have accepted the government's prevailing practice of delegating to appropriate agency counsel the review of personnel files of their own agents. *See Jennings*, 960 F.2d at 1492 n.3 ("The agency legal staff will [then] notify the federal prosecutor assigned to the case if any potential *Brady* material is found, and the AUSA will then determine whether the information should be disclosed or whether an *in camera* review by the district court is appropriate.").

Second, the government is required to review only those personnel files within its possession, custody, or control. As such, defendants generally are not entitled to have the government review the personnel files of state or local law-enforcement officials that may be called at trial. *See United States v. Dominguez-Villa*, 954 F.2d 562, 566 (9th Cir. 1992) ("[B]ecause the document was under the control of state officials, the federal prosecutor was not obligated to produce it."). As the government correctly states, defendants' "requests to review files of state and local officers should be made directly to relevant state and local law enforcement agencies." (Pl.'s Opp'n 2.)

ORDER – 2

Third, and perhaps obviously, the government need not conduct any review of personnel files for the undoubtedly large number of federal law-enforcement officials who participated in this investigation (or indeed, officials who played no role at all) but will not be called as trial witnesses. *See United States v. Booth*, 309 F.3d 566, 574 (9th Cir. 2002).

Finally, there is no particular timing required for the disclosure of *Brady* evidence, so long as defendants are not prejudiced at trial by an inability to effectively cross-examine government witnesses. Here, as in *Jennings*, there is "no indication that the government . . . will not comply with its duty faithfully to conduct review of the [testifying] agents' personnel files." 960 F.2d at 1492. In fact, the government has affirmatively expressed its intent to have appropriate agency counsel review all files and report back as required, and to provide *Brady* material to the defendants or to the Court for *in camera* review. (Pl.'s Opp'n 2.) The Court records here its expectation that the government will adhere to its pledge to notify defense counsel as soon as its *Brady* review is complete—and that it will do so in a sufficiently timely manner that the defendants may thoroughly review those materials to prepare and conduct meaningful cross-examinations. However, neither Pennell nor any other defendant contends "that the government has violated a recognized statutory, procedural or constitutional right. Thus, there is no need for the [Court] to provide any remedy." *Jennings*, 960 F.2d at 1492. Absent such a violation, the Court will not impose specific timing requirements on the government's *Brady* review and production.

Accordingly, Defendant Pennell's motion is DENIED.

SO ORDERED this 11th day of October, 2005.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 3