UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GEORGE WEGERS, et al.,<br><br>    Defendants. | CASE NO. CR05-0231C<br><br>ORDER |

This matter comes before the Court on Defendant James Austin Pennell's motion to sever Count 30 for a separate trial (Dkt. No. 575). Having considered the papers submitted by all parties and finding oral argument unnecessary, the Court GRANTS the motion for the following reasons.

The Court previously denied Defendant's motion to sever his trial in its entirety. (Dkt. No. 397.) As detailed in that order, Pennell is one of twenty-eight defendants named in the indictment in this case, and is charged in four of the thirty-six counts of the First Superseding Indictment ("FSI"). Specifically, he is charged in Counts 12, 14, and 16, each of which allege a conspiracy to traffic in certain motor vehicles and motor vehicle parts.[1] (FSI 22–26.) Most relevant for current purposes, he is also charged in

---

[1] For purposes of this pretrial motion, the Court assumes the truth of the factual allegations in the FSI. *Cf. United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (district court bound by "four corners of indictment" when adjudicating pretrial motion to dismiss). In any event, misjoinder under Rule 8(a) is a question of law suitable for adjudication before trial. *See United States v. Friedman*, 445 F.2d 1076, 1082 (9th Cir. 1970)

ORDER – 1

count 30 with the manufacture of marijuana. (*Id.* 31.) There is no allegation in Count 30, or elsewhere in the FSI, that Defendant's actions with regard to the manufacture of marijuana were related in any way to the conspiracy and trafficking activities in Counts 12, 14, and 16. And unlike those three counts, Count 30 does not incorporate expressly or by inference the RICO offenses in Count 1. (*Id.* 2–14.)

Rule 8(a) provides that an indictment may charge a defendant in separate counts only if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). This rule contemplates joinder of multiple offenses in "'those situations in which the relationship between and among offenses charged is clear—and the events pertaining to each inextricably tied to the others—[as well as] those circumstances in which the offenses are fairly discrete but sufficiently linked in fact and in character to permit a single trial.'" 1A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 143, at 25 (3d ed. 1999) (quoting *United States v. Buchanan*, 930 F. Supp. 657, 662 (D. Mass. 1996)). In the Ninth Circuit, distinct offenses may be joined in a single indictment when those offenses may be viewed as part of a common "transaction"; that term is to be defined broadly, and "'may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'" *Friedman*, 445 F.2d at 1083 (quoting *Moore v. New York Cotton Exch.*, 270 U.S. 593, 610 (1926)).

Defendant argues that the marijuana charges in Count 30 must be severed because they are completely unrelated to the other counts in which he is charged and share no common evidence with any other count or co-defendant identified in the FSI. (*See* Def.'s Mot. 3.) The government responds by arguing that a joint trial would work no prejudice (Pl.'s Opp'n 2), but this skips a step by failing to address the lack of similarity between Count 30 and the other charges against Defendant. The question under Rule 8(a) is *not* whether a joint trial would work prejudice, but whether the government had any business joining the disparate counts in the same indictment. *See United States v. Metheany*, 365 F.2d 90, 95 n.5 (9th Cir. 1966) (reaffirming principle of "per se prejudicial effect of misjoinder").

ORDER – 2

Even construing Rule 8 broadly to permit joinder, *Friedman*, 445 F.2d at 1082, there is no justification for joining the marijuana charges in Count 30 with any other charge in the FSI against Defendant.  There is simply no commonality in fact or theory between the government's discovery of a marijuana grow on Defendant's property and the organized criminal conduct charged elsewhere in the FSI.  *See United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977) (similarity or relationship between offenses "is most often established by showing that substantially the same facts must be adduced to prove each of the joined offenses").  The Court cannot conclude, therefore, that Count 30 is "of the same or similar character" or "based on the same act or transaction" as the other counts.  FED. R. CRIM. P. 8(a).  And although "even dissimilar charges may be joined against multiple defendants if they arise out of the same series of transactions constituting an offense or offenses," there is no reason to apply this principle when the government makes no attempt to show that Count 30 is "connected with or constitute[s] part[] of a common scheme or plan" with any other count in the FSI.  *Roselli v. United States*, 432 F.2d 879, 898 (9th Cir. 1970); FED. R. CRIM. P. 8(a).

Accordingly, the Court finds that as to Defendant Pennell, Count 30 was improperly joined in the FSI with Counts 12, 14, and 16.[2]  The Court therefore GRANTS Defendant's motion to sever Count 30 for a separate trial.[3]

SO ORDERED this 17th day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

[2] To justify severance based on misjoinder of unrelated offenses under Rule 8(a), Defendant need not establish prejudice.  *United States v. Hedman*, 630 F.2d 1184, 1200 (7th Cir. 1980) ("Improper joinder under Rule 8 requires mandatory severance."); *see also Metheany*, 365 F.2d at 95 n.5.  Having ordered severance, the Court need not reach Defendant's prejudice arguments under Rule 14(a).

[3] Due to the ongoing briefing in response to a pending motion to continue the trial date (Dkt. No. 614), the Court will defer making any scheduling orders at this time.

ORDER – 3